# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

IRIS JANE GROSS,

        Plaintiff(s),

v.

HOUSING AUTHORITY OF THE CITY OF LAS VEGAS, et al.,

        Defendant(s).

2:11-CV-1602 JCM (CWH)

## ORDER

Presently before the court is defendants' motion for judgment on the pleadings. (Doc. # 36). Plaintiff has responded (doc. # 38) and defendants have replied (doc. # 42).

**I.    Background**

Plaintiff is a former employee of the Southern Nevada Regional Housing Authority (SNRHA). (Doc. # 7, Compl. at ¶ 3.1). She worked as a public housing family self-sufficiency coordinator. (*Id.*). The individual defendants were likewise employed by SNRHA with various positions. (*See id.* at ¶¶ 3.2-3.11).

SNRHA hired plaintiff, a caucasian woman, on October 21, 2008. (*Id.* at ¶ 4.2). She was hired on a six month probationary term. (*Id.*). On her second day of work, defendant Conklin, a manager and supervisor, issued plaintiff a list of eight major tasks that were to be completed by the end of her probationary period. (*Id.* at ¶ 3.8 & 4.6). Conklin is a caucasian male. (*Id.* at ¶ 3.8). The majority of SNRHA's staff and employees were members of minority groups. (*Id.* at ¶ 4.7).

**James C. Mahan**
**U.S. District Judge**

Plaintiff was fired at the end of her probationary term. (*Id.* at ¶¶ 4.31-4.37). Plaintiff alleges she was fired even though she satisfactorily completed her eight major tasks. (*See id.*). Plaintiff then filed this lawsuit alleging racial discrimination and religious discrimination under Title VII, and disability discrimination under the American with Disabilities Act. (*Id.* at ¶¶ 5.1-5.3).

The instant motion is brought on behalf of individual defendants Dave Casaleggio, Carl O. Rowe, Zelda Ellis, Shandra Hudson, Norma Gray, Al Conklin, Maria Luevanos, Maria Machuca, and Essie Williams.

## II.    Legal Standard

Motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) are "functionally identical" to motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). The primary difference between the two is that a "Rule 12(c) motion, unlike a Rule 12(b)(6) motion, implicates the pleadings as a whole, and not merely the complaint." *Amerson v. County of Clark*, 2011 WL 4433751, *1-2 (D. Nev. September 21, 2011) (*citing Aponte-Teorres v. Univ. of Puerto Rico*, 445 F.3d 50, 54-55 (1st Cir. 2006)).

In reviewing a motion for judgment on the pleadings pursuant to Rule 12(c), the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Judgment on the pleadings is appropriate when, taking everything in the pleadings as true, the moving party is entitled to judgment as a matter of law. *Ventress v. Japan Airlines*, 486 F.3d 1111, 1114 (9th Cir. 2007); *Honey v. Distelrath*, 195 F.3d 531, 532 (9th Cir. 1999). The allegations of the nonmoving party must be accepted as true while any allegations made by the moving party that have been denied or contradicted are assumed to be false. *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006).

## III.    Discussion

The individual defendants seek a judgment on the pleadings in their favor, arguing that individuals cannot be held liable under Title VII or the ADA. Defendants are correct. The Ninth

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  Circuit has held that individual defendants cannot be held personally liable for violations of Title
2  VII. *Miller v. Maxwell's Int'l*, 991 F.2d 583 (9th Cir. 1991). The Ninth Circuit has extended
3  *Miller*'s holding to bar claims asserted against individuals under the ADA. *Walsh v. Nevada Dep't*
4  *of Human Resources*, 471 F.3d 1033, 1038 (9th Cir. 2006).

   Plaintiff attempts to oppose the dismissal of these defendants by arguing she has asserted claims against them individually under 42 U.S.C. §§ 1981 and 1983. This is not true. The complaint contains three claims for relief only for racial discrimination under Title VII (claim one), religious discrimination under Title VII (claim two), and violations of the ADA (claim three). (*See* compl., doc. # 7, p. 18-19).

   As a result, there are no claims for which the individual defendants may held liable as a matter of law. Judgment on the pleadings in favor of the individual defendants is therefore appropriate. *Ventress*, 486 F.3d at 1114.

   Accordingly,

   IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion for judgment on the pleadings (doc. # 36) be, and the same hereby is, GRANTED. The aforementioned individual defendants are dismissed.

   DATED May 27, 2014.

   _____
   UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -