# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| IRIS JANE GROSS, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:11-cv-01602-JCM-CWH |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| HOUSING AUTHORITY OF CITY ) | |
| LAS VEGAS, *et al*., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court on Defendants' Motion for Attorney Fees and Costs (#120), filed June 25, 2014, and Plaintiff's Motion to Extend Time (#130), filed July 7, 2014. It is also before the Court on Plaintiff's Motion to Extend Time (#126), filed July 1, 2014, and Defendants' Response (#129), filed July 2, 2014.

**1. Defendants' Motion for Attorney Fees and Costs (#120)**

As has been previously noted, the parties do not appear willing to conduct this litigation in a civil manner. Despite multiple orders to meet and confer and make good faith efforts to resolve disputes, the parties continue to demonstrate an inability to work through and resolve disputes that should be resolved without court intervention. Nevertheless, the Court has attempted to move the parties along in discovery so that trial may proceed. To that end, the undersigned held a hearing on Defendants' motion to compel (#60) on May 16, 2014. After considering the position of the parties, the motion was granted in part and denied in part. *See* Mins. of Proceedings (#78). The issue of a fee award on the motion was held in abeyance to allow for further production of documents as ordered during the hearing. Thereafter, on June 25, 2014, Defendants filed their motion for fees and costs (#120) seeking in excess of $10,000.00 as a sanction for having to bring the motion to compel (#60) pursuant to Fed. R. Civ. P. 37(a)(5)(A). It is Defendants' position that the Court **must**, on the record before it, award fees and costs for Defendants "having to file and defend [the] [m]otion to

[c]ompel, including the resulting ordered and necessary meet and confer conferences and joint status report."

In making their claim for fees and costs, Defendants have relied on the incorrect subsection of Rule 37(a)(5).  Any potential award of fees and costs would stem from Rule 37(a)(5)(C), not rule 37(a)(5)(A).  The rule cited by Defendants applies in situations where a motion to compel is granted or the requested disclosure is provided after the filing of the motion.  The Defendants, however, did not prevail on the entirety of their motion to compel.  Instead, as the minutes of the proceeding make clear, the motion to compel was granted in part and denied in part.  In those situations, "the court may issue any protective order authorized under Rule 26(c) and **may**, after giving an opportunity to be heard, apportion the reasonable expenses for the motion."  Fed. R. Civ. P. 37(a)(5)(C) (emphasis added).  The undersigned is not inclined, under the circumstances, to apportion fees in this instance.  Each party, at minimum, bears equal responsibility for the animosity and incivility that led to the complete breakdown in communication necessitating the motion to compel.  Thus, each party shall bear their own fees and costs.

**2.  Plaintiff's Motion to Extend Time (#126)**

By way of this motion, Plaintiff requests an approximately 60-day extension of the remaining discovery deadlines, charging that Defendants' counsel with "engaging in obstructive and abusive strategies" designed to overwhelm Plaintiff.  Plaintiff asserts the limited extension is necessary to serve Rule 36 requests for admissions and conduct depositions, contending that despite her diligent efforts she has been unable to complete discovery.  Defendants respond that the motion should be denied as untimely because it was filed 20 days before the discovery cutoff as opposed to the 21 days established in LR 26-4.  They further contend that there is not good cause for the extension as none of the discovery to be completed identified by Plaintiff is contingent or dependent on Defendants responses to other discovery requests.  Moreover, Defendants deny engaging in obstructive or abusive litigation tactics describing their own conduct as consistent with the normal, regular, and customary demands of litigation.  Ultimately, Defendants contend that Plaintiff's failure to complete discovery is the result of a lack of diligence on her part.

Having reviewed the briefing, the Court finds that a limited extension is appropriate.

Though not filed within 21 days before the discovery cutoff, the Court will exercise its discretion and consider the motion under the good cause standard.  During prior hearings, Plaintiff has repeatedly sought extensions and repeatedly been told to make the request via stipulation or motion. The Court will not punish Plaintiff for missing the deadline by one-day after having made prior requests for extension orally.  Defendants will not suffer prejudice as a result, having known for some time about Plaintiff's desire to extend the deadline.  The Court notes that the remaining discovery identified by Plaintiff is limited in nature.  The Plaintiff is admonished, however, that additional requests to extend will not be viewed favorably, and the failure to move discovery along toward completion because of other obligations that arise during the normal course of litigation (i.e. responding to motions or discovery) will not be tolerated

**3. Motion to Extend Time (#130)**

By way of this motion, Plaintiff seeks additional time to respond to the following pending motions: (1) Defendants' Motion for Partial Summary Judgment, (2) Defendants' Motion to Strike (#123), and (3) Defendants' Motion for Attorney Fees and Costs (#120).  Having denied Defendants' motion for attorney fees (#120) herein, this request is moot.  The Court finds there is good cause for limited extensions to file responses on the other two motions.  The responses shall be due on July 17, 2014, and July 24, 2014 respectively.

Based on the foregoing and good cause appearing,

**IT IS HEREBY ORDERED** that Defendants' Motion for Attorney Fees and Costs (#120) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Time (#126) is **granted**. The discovery cutoff date is extended to **September 22, 2014**.  The dispositive motions deadline is extended to **October 22, 2014**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Time (#130) is **granted in part**.  Plaintiff's response to Defendants' Partial Motion for Summary Judgment (#116) shall be filed not later than **July 17, 2014**.  Plaintiff's response to Defendants' Motion to Strike (#123) shall be filed not later than **July 24, 2014**.

Dated: July 10, 2014

_____
C.W. Hoffman, Jr.
United States Magistrate Judge