# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| IRIS JANE GROSS, | ) |
| Plaintiff, | ) Case No. 2:11-cv-01602-JCM-CWH |
| vs. | ) **ORDER** |
| HOUSING AUTHORITY OF CITY LAS VEGAS, *et al.*, | ) |
| Defendants. | ) |

This matter is before the Court on Defendants' Motion for Video Deposition (#135), filed July 22, 2014, and Plaintiff's Response (#139), filed August 8, 2014. The matter is also before the Court on Plaintiff's Motion to Establish Deposition Protocol (#140), filed August 8, 2014.

Defendants request an order permitting Plaintiff's deposition to be recorded via video. Federal Rule of Civil Procedure 30(b)(3) provides that "[u]nless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means." In this District, "stenographically recorded deposition testimony [is] the norm and video depositions must be approved by the Court." *In re Stratosphere*, 182 F.R.D. 614, 617 (D. Nev. 1998). It is, however, the practice of District of Nevada judges to liberally permit video depositions unless it appears that the video was requested to intimidate a witness or that editing objectionable sections of the video for trial will be difficult. *Id*; *see also Clark v. Thomas*, 2014 WL 2612275 (D. Nev). As stated in *In re Stratosphere*, "[s]o long as there is a transcript of the deposition which can be used for cross-examination, in the event that use of the video may be disruptive to the orderly conduct of cross-examination, there appears to be no good cause why video depositions should not be permitted here in conjunction with stenographic transcripts." *Id* at 217.

The undersigned has reviewed the briefing and, consistent with the charge to liberally permit video depositions, will permit Plaintiff's deposition to be video recorded. It does not appear that the

video deposition is requested for an improper purpose. As in *In re Stratosphere*, the Court will require the video deposition in conjunction with stenographic transcripts so that a transcript may be used for cross-examination should the video prove disruptive to the orderly conduct of cross-examination. The Court has also reviewed Plaintiff's motion for deposition protocol (#140) and finds the requested protocol to be unnecessary.

Based on the foregoing and good cause appearing,

**IT IS HEREBY ORDERED** that Defendants' Motion for Video Deposition (#135) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Deposition Protocol (#140) is **denied**.

Dated: August 11, 2014.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge