**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

IRIS JANE GROSS,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Plaintiff,　　　　　　　) 　　Case No. 2:11-cv-01602-JCM-CWH
　　　　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　　　　　) 　　**ORDER**
　　　　　　　　　　　　　　　　　　　　　)
HOUSING AUTHORITY OF CITY　　　　　　)
LAS VEGAS, *et al.*,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Defendants.　　　　　　)
_____)

　　　　This matter is before the Court on Plaintiff's Motion for Reconsideration (#182), filed December 1, 2014.  Plaintiff requests that the Court reconsider its prior order denying Plaintiff's motion to compel.  *See* Order (#176).  Plaintiff's request is premised on her belief that the decision is manifestly unjust.

　　　　The Federal Rules of Civil Procedure do not explicitly recognize a petition for rehearing or motion to reconsider.  Nevertheless, courts have the inherent power to revise, correct, and alter interlocutory orders at any time prior to entry of a final judgment.  *See Sch. Dist. No. 5 v. Lundgren*, 259 F.2d 101, 105 (9th Cir. 1958); *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006).  This authority is governed by the doctrine that a court will generally not reexamine an issue previously decided by the same or higher court in the same case.  *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 766 (9th Cir. 2001); *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998).  However, a court has discretion to depart from the prior order when (1) the first decision was clearly erroneous, (2) there has been an intervening change of law, (3) the evidence on remand is substantially different, (4) other changed circumstances exist, or (5) a manifest injustice would otherwise result.  *Cuddy*, 147 F.3d at 1114.

　　　　Generally, the Ninth Circuit has recognized three circumstances in which a district court should grant a motion for reconsideration: if the district court (1) is presented with newly discovered

1    evidence, (2) has committed clear error or the initial decision was manifestly unjust, or (3) there has
2    been an intervening change in controlling law." *Nunes v. Ashcroft,* 375 F.3d 805, 807–08 (9th
3    Cir.2004) (quoting *Sch. Dist. No. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993)).  A motion
4    for reconsideration is properly denied when the movant fails to establish any reason justifying relief.
5    *Backlund v. Barnhart,* 778 F.2d 1386, 1388 (9th Cir.1985).  A motion for reconsideration should
6    not merely present arguments previously raised; that is, a motion for reconsideration is not a vehicle
7    permitting the unsuccessful party to reiterate arguments previously presented. *See Merozoite v.*
8    *Thorp,* 52 F.3d 252, 255 (9th Cir.1995); *Khan v. Fasano,* 194 F.Supp.2d 1134, 1136 (S.D.Cal.2001)
9    ("A party cannot have relief under this rule merely because he or she is unhappy with the
10   judgment.").  In order to succeed on a motion to reconsider, a party must set forth facts or law of a
11   strongly convincing nature to induce the court to reverse its prior decision.  *See Kern-Tulare Water*
12   *Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part*
13   *on other grounds* 828 F.2d 514 (9th Cir. 1987).

14          Plaintiff first appears to argue that the prior order should be reconsidered because she is
15   proceeding *pro se* and should be held to a lower standard in terms of understanding and complying
16   with applicable rules.  It has been repeatedly reiterated to Plaintiff that, though the Court will
17   construe her pleadings broadly, the requirement that she comply with applicable rules is not
18   suspended merely because she is proceeding *pro se*.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.
19   1987).  *Pro se* litigants are not treated more favorably than parties with attorneys of record and are
20   expected to abide by the rules of court in which the litigation proceeds.  *Carter v. Comm'r of*
21   *Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986).  The Court does not suspend applicability of
22   the rules merely because a litigant is proceeding *pro se*.

23          Plaintiff also suggests that the Court should reconsider its prior order because she did not
24   understand that Local Rule 26-7(a) requires movants to set forth both the request and response at
25   issue in a discovery dispute.  Plaintiff has proven more than capable of understanding and
26   navigating the applicable rules throughout the course of this litigation.  The rule in question, Local
27   Rule 26-7(a), is not a particularly difficult rule to understand.  It states: "All motions to compel
28   discovery or for protective order shall set forth in full the text of the discovery originally sought **and**

**the response thereto, if any**." *See* Local Rule 26-7(a). The Court is not persuaded by her alleged inability to understand the rules.

Plaintiff's argument that her motion to compel is meritorious and, therefore, ought to be considered does nothing more than reiterate arguments made in her prior motion. The Court is neither inclined nor obligated to reconsider its prior order based on Plaintiff's prior arguments. *See Merozoite v. Thorp,* 52 F.3d 252, 255 (9th Cir.1995) (motion for reconsideration not vehicle for reiterating prior arguments).

Lastly, Plaintiff has attached a copy of the discovery requests and responses at issue in the prior motion to compel to her motion for reconsideration and asked that the Court reconsider her prior motion in light of the exhibit. Plaintiff is, and always has been, free to refile her prior motion. The Court will not, however, piece together a motion by cobbling together fragmentary submissions into a unified whole. Any motion that Plaintiff wishes to file, along with any supporting exhibits, must be filed together.

Based on the foregoing and good cause appearing,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (#182) is **denied**.

Dated: December 4, 2014.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge