UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IRIS JANE GROSS, | Case No. 2:11-CV-1602 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| HOUSING AUTHORITY OF THE CITY OF LAS VEGAS, AKA SOUTHERN NEVADA REGIONAL HOUSING AUTHORITY, et al., | |
| Defendant(s). | |

Presently before the court is defendant's motion for summary judgment based on the statute of limitations. (Docs. ## 152, 153).[1]  *Pro se* plaintiff Iris Jane Gross filed a response, (doc. # 164), and defendant filed a reply, (doc. # 170).

Also before the court is defendant's motion for partial summary judgment as to plaintiff's first cause of action. (Doc. # 116).  Plaintiff filed a response, (doc. # 134), and defendant filed a reply, (doc. # 137).

Also before the court is defendant's motion for partial summary judgment as to plaintiff's third cause of action.  (Doc. # 53).  Plaintiff filed a response, (doc. # 64), and defendant filed a reply, (doc. # 68).  Defendant also filed a supplement to its motion for partial summary judgment, (doc. # 113), and plaintiff filed a surreply, (doc. # 133).

Also before the court is plaintiff's motion for reconsideration and leave to amend.  (Doc. # 121).  Defendant has not filed a response and the deadline to do so has passed.

---

[1] Doc. # 152 is the redacted version of defendant's sealed motion for summary judgment, doc. # 153.

**James C. Mahan**
**U.S. District Judge**

Also before the court is plaintiff's countermotion for sanctions, (doc. # 165). Defendant filed a response, (doc. # 172), and plaintiff filed a reply, (doc. # 174).

**I.     Background**

The instant case involves claims under the Civil Rights Act of 1964 and 1991 and the Americans with Disabilities Act of 1990 and 2008. (Doc. # 7). Plaintiff is a former employee of Southern Nevada Regional Housing Authority ("Regional"), where she worked as a public housing family self-sufficiency coordinator.[2] The individual defendants were likewise employed by Regional in various capacities.

Plaintiff holds a bachelor of arts degree in psychology and journalism and a paralegal studies certificate from the University of Nevada. *Id.* Prior to working at Regional, plaintiff reportedly worked for ten years in the public employment and training case management field. She is a trained, "journey-level" case manager.[3]

Regional hired plaintiff, a caucasian woman, on October 21, 2008, subject to a six month probationary period ending in April 2009. *Id.* On plaintiff's second day of work, defendant Al Conklin, a manager and supervisor, assigned plaintiff eight major tasks to be completed by the end of her probationary period. *Id.* Conklin is a caucasian male. Plaintiff asserts that most of Regional's staff and employees were members of minority groups. *Id.*

On March 17, 2009, Conklin issued plaintiff a negative evaluation with a rating of unacceptable, the lowest possible rating. On March 23, 2009, plaintiff submitted an eight-page rebuttal to the evaluation to defendant Ellis via Conklin. On March 28, 2009, plaintiff was terminated from probation. *Id.*

. . .

. . .

---

[2] Southern Nevada Regional Housing Authority is erroneously named in the complaint as Housing Authority of the City of Las Vegas. Additionally, the complaint names the following individual defendants: Father Dave Casaleggio, Carl O. Rowe, Zelda Ellis, Shandra Hudson, Norma Gray, Al Conklin, Maria Luevanos, Maria Machuca, and Essie Williams.

[3] Journey-level experience applies to a person who has completed an apprenticeship program or is an experienced worker, not a trainee, and is fully qualified and able to perform a specific trade without supervision.

**James C. Mahan**
**U.S. District Judge**

- 2 -

Plaintiff alleges she suffered a continuous series of discriminatory acts by defendants because of her race, religion, and disability, and because of her complaints about unlawful treatment. Plaintiff alleges three causes of action: 1) racial discrimination under Title VII; 2) religious discrimination under Title VII; and 3) disability discrimination under the Americans with Disabilities Act ("ADA").

On October 4, 2011, after receiving a right to sue letter from the Equal Employment Opportunity Commission (EEOC), plaintiff submitted her application to proceed *in forma pauperis* with her complaint attached. The court ordered plaintiff's complaint filed on February 7, 2012.

On May 27, 2014, this court granted individual defendants Dave Casaleggio, Carl O. Rowe, Zelda Ellis, Shandra Hudson, Norma Gray, Al Conklin, Maria Luevnos, Maria Machuca, and Essie Williams' motion for judgment on the pleadings, and thereby dismissed them from the action. Plaintiff's motion for reconsideration of the court's May 27, 2014 order is currently before the court.

The court notes that this case has been aggressively litigated by both parties, and the court is mindful that plaintiff is proceeding *pro se*. In addition to the motions currently before the court, defendant has also filed a motion for partial summary judgment re: plaintiff's second cause of action. (Docs. ## 177, 178).[4] The response date has not yet passed on this motion, and so the motion is not ripe for consideration on its own merits. However, because the court will grant defendant's motion for summary judgment as to all of plaintiff's claims against defendant, this motion will be denied as moot.

**II.    Legal Standards**

   A. *Summary judgment*

The Federal Rules of Civil Procedure provide for summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine issue as to any material fact and that the movant is entitled to

---

[4] Doc. # 177 is the redacted version of defendant's sealed motion for partial summary judgment, doc. # 178.

James C. Mahan
U.S. District Judge

1  a judgment as a matter of law." Fed. R. Civ. P. 56(a).  A principal purpose of summary
2  judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*,
3  477 U.S. 317, 323–24 (1986).

4  In determining summary judgment, a court applies a burden-shifting analysis. "When the
5  party moving for summary judgment would bear the burden of proof at trial, it must come
6  forward with evidence which would entitle it to a directed verdict if the evidence went
7  uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the
8  absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage*
9  *Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

10  In contrast, when the nonmoving party bears the burden of proving the claim or defense,
11  the moving party can meet its burden in two ways:  (1) by presenting evidence to negate an
12  essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving
13  party failed to make a showing sufficient to establish an element essential to that party's case on
14  which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.  If
15  the moving party fails to meet its initial burden, summary judgment must be denied and the court
16  need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S.
17  144, 159–60 (1970).

18  If the moving party satisfies its initial burden, the burden then shifts to the opposing party
19  to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith*
20  *Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the
21  opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient
22  that "the claimed factual dispute be shown to require a jury or judge to resolve the parties'
23  differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*,
24  809 F.2d 626, 631 (9th Cir. 1987).

25  In other words, the nonmoving party cannot avoid summary judgment by relying solely
26  on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d
27  1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and
28

**James C. Mahan**
**U.S. District Judge**

allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### B. Reconsideration

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985); *see also De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (noting that the district court's denial of a Rule 60(b) motion is reviewed for an abuse of discretion).

While a motion for reconsideration allows a party to bring a material oversight to the court's attention, it is not appropriate for a party to request reconsideration merely to force the court to "think about [an] issue again in the hope that [it] will come out the other way the second time." *Teller v. Dogge*, 2013 WL 508326, at *6 n.6 (D. Nev. 2013); *see also Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006).

### C. Sanctions

Lawyers may be sanctioned for improper conduct pursuant to three primary sources of authority: (1) Federal Rule of Civil Procedure 11; (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings; and (3) the court's inherent power. *Fink v. Gomez,* 239 F.3d 989, 991 (9th Cir. 2001). The pending motions seek sanctions under Rule 11 and 28 U.S.C. § 1927.

**James C. Mahan**
**U.S. District Judge**

*1. Federal Rule of Civil Procedure 11*

Under Rule 11, an attorney filing a motion certifies to the court that to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that:

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; . . . .

Fed. R. Civ. P. 11(b)(1)-(2).

Rule 11 sanctions are appropriate "when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Estate of Blue v. Cnty. of Los Angeles,* 120 F.3d 982, 985 (9th Cir. 1997). "Frivolous filings are 'those that are both baseless and made without a reasonable and competent inquiry.'" *Ibid.* (internal citation omitted).

*2. 28 U.S.C. § 1927*

Under 28 U.S.C. § 1927, any attorney who unreasonably and vexatiously "multiplies the proceedings" in a case may be required by the court to pay the costs, expenses and attorneys' fees incurred because of such conduct. Sanctions may be imposed under 28 U.S.C. § 1927 "only on a showing of the attorney's recklessness or bad faith." *Estate of Blas Through Chargualaf v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986) (internal citations omitted). In other words, sanctions are appropriate "when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent." *Id.* (internal citations omitted).

**III. Discussion**

A. *Defendant's motion for summary judgment - statute of limitations (docs. ## 152, 153)*

The defendant carries the burden of establishing a failure to comply with the statute of limitations. *See Houghton v. South,* 965 F.2d 1532, 1536 (9th Cir. 1992). Thus, it must "establish the absence of a genuine issue of fact on each issue material to [the] affirmative

James C. Mahan
U.S. District Judge

defense." *Id.* at 1537. Once the moving party provides such evidence, the burden shifts to the nonmoving party to set forth specific facts showing the existence of genuine issues of material fact on the affirmative defense. *Id.*

A question concerning the waiver of an affirmative defense involves the interpretation of Rule 8(c) of the Federal Rules of Civil Procedure. *Harbeson v. Parke Davis, Inc.*, 746 F.2d 517, 520 (9th Cir. 1984). Rule 8(c)(1) directs that, in responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including statute of limitations.

Defendant moves for summary judgment on all claims, arguing plaintiff failed to comply with the applicable statutes of limitations. (Docs. ## 152, 153). First, defendant argues plaintiff's complaint should be dismissed in its entirety because plaintiff failed to file suit within the 90-day statute of limitations period for claims under Title VII and the ADA. Second, defendant argues plaintiff's claim should be dismissed for failure to file a timely administrative complaint with the EEOC. Specifically, plaintiff failed to file a complaint with the EEOC within 180 days of the alleged violation, plaintiff's March 27, 2009 termination.

Plaintiff responds that defendant waived its statute of limitations defense by failing to raise the defense in its answer. (Doc. #164). Plaintiff also argues her complaint was timely filed because the statute was tolled while her application to proceed *in forma pauperis* was pending before the court and because the statute runs from plaintiff's receipt of the right to sue notice, not the date of the notice. *Id.* (emphasis added). Plaintiff contends that the earliest she could have received the right to sue notice is July 7, 2011. Therefore, she complied with the statute by filing her application to proceed *in forma pauperis* on October 4, 2011, exactly 90 days later. *Id.*

In response to defendant's argument that plaintiff's EEOC complaint was untimely, plaintiff argues that the applicable statute of limitations period in Nevada is 300 days from the date of the alleged violation. Plaintiff's EEOC complaint was filed on January 21, 2010, which is exactly 300 days from the date of plaintiff's termination. *Id.* Therefore, plaintiff's EEOC complaint was also timely filed.

James C. Mahan
U.S. District Judge

- 7 -

Defendant replies that it did in fact raise the affirmative defense of statute of limitations in its answer. (Doc. # 170) (*citing* doc. # 28). Defendant also argues that because plaintiff failed to present any evidence to support that she filed her complaint within the applicable time period, summary judgment is appropriate. Next, even if the 300-day EEOC filing date applies, defendants argue that plaintiff still filed her EEOC complaint one day late.

          *1. Statute of limitations- Right to sue notice*

First, defendant raised the affirmative defenses of failure to comply with statutes of limitations and failure to comply with administrative filing deadlines in its answer (doc. # 28), so there is no waiver as argued by plaintiff. However, defendant has not met its burden of proving that plaintiff failed to comply with the statute of limitations as to her complaint in this court.

Plaintiff is correct that the statute of limitations was tolled while her application to proceed *in forma pauperis* was pending. *Davis v. Clark Cnty. School Dist.*, 2013 WL 497598, *3 (D. Nev. Feb. 6, 2013). Therefore, the clock began to run on October 4, 2011, notwithstanding that the court did not order the complaint filed until February 7, 2012.

Defendant argues the deadline for plaintiff to file her complaint was September 26, 2011, which is exactly 90 days after the date of the letter. However, as defendant's own motion points out, plaintiff's complaint was to be filed "within 90 days of your receipt of this notice . . . ." (Docs. ## 153 & 152). Despite identifying the correct statutory language, defendant fails to take into account the time between the date of the letter and plaintiff's receipt of the letter. While defendant fails to set forth any specific facts to show that plaintiff received the letter the day it was written, plaintiff sets forth specific facts to show that she did not receive the letter until July 7, 2011, due to the holiday weekend and method of distribution at plaintiff's post office substation. (Doc. # 164).

The date on which plaintiff received the right to sue notice is an essential element of defendant's statute of limitations defense. *See* Fed. R. Civ. P. 8(c). Therefore, because defendant did not make a showing "sufficient to establish the existence of an element essential to [its] case, and on which [it] will bear the burden of proof at trial," *Celotex Corp.*, 477 U.S. at 322, the court will not grant its motion for summary judgment on these grounds.

*2. Statute of Limitations- EEOC complaint*

Discrimination claims under Title VII ordinarily must be filed with the EEOC within 180 days of the date on which the alleged discriminatory practice occurred. 42 U.S.C. § 2000e–5(e)(1). However, there is an exception to this rule in so-called deferral states, states where there is an antidiscrimination law and an agency tasked with enforcement responsibilities. 42 U.S.C. § 2000e–5(e)(1).

In deferral states, "when the plaintiff institutes proceedings with a '[s]tate or local agency with authority to grant or seek relief from [the alleged unlawful employment] practice', the limitations period is extended to 300 days." *Torres v. Cnty. of Lyon*, 2009 WL 905046, *3 (D. Nev. March 31, 2009); *see also Laquaglia v. Rio Hotel & Casino, Inc.,* 186 F.3d 1172, 1174 (9th Cir. 1999) ("[I]f the claimant first 'institutes proceedings' with a state agency that enforces its own discrimination laws . . . then the period for filing claims with the EEOC is extended to 300 days."); *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 101 (2002) ("An employee who initially files a grievance with a state authorized agency must file the charge with the EEOC within 300 days of the employment practice; otherwise the charge must be filed within 180 days.")

Nevada is a deferral state by virtue of the Nevada Equal Rights Commission (NERC). *Roberts v. Nevada ex rel. Dept. of Conservation and Natural Res.,* 2008 WL 3925084, *4 (D. Nev. August 28, 2008). Therefore, if plaintiff first instituted proceedings with an authorized state agency, then the 300-day, rather than the 180-day statute of limitations applies. If not, the 180-day statute of limitations applies. The same deadline applies to plaintiff's claims under Title VII and her claim under the ADA. *See* 42 U.S.C. § 12117(a).

Defendant has proved that plaintiff's EEOC charge was untimely. Plaintiff argues that simply because Nevada has a qualifying state agency, NERC, the 300-day statute of limitations applies. (Doc. # 164) (*citing Sponcey v. Banner-Churchill Comty. Hosp.*, 2012 WL 3598848, * 5 (D. Nev. July 2, 2012)). Plaintiff is incorrect. In *Sponcey*, the court held that "[a] plaintiff must file her EEOC charge within 180 days of the alleged harm *unless she initiates proceedings with*

1 *an authorized state agency* (in Nevada, the NERC), in which case she has 300 days to file."
2 *Sponcey*, 2012 WL 3598848 at *5 (emphasis added).

3       Plaintiffs in Nevada do not have a 300-day window in which to file administrative
4 complaints simply because Nevada is classified as a deferral state. *See, e.g.*, *Torres*, 2009 WL
5 905046 (where the court applied the 180-day filing period, notwithstanding Nevada's status as a
6 deferral state). In *Torres v. County of Lyon*, the last act of allegedly discriminatory conduct
7 occurred more than 180 days, but less than 300 days, before the plaintiff filed her complaint with
8 the EEOC. Plaintiff claimed that because she filed an administrative complaint with the Nevada
9 Commission on Judicial Discipline, the 300-day filing period applied. The court rejected this
10 argument and held that the 180-day filing period applied because plaintiff did not initiate state or
11 local proceedings with a qualified agency, like NERC.

12       "Strict adherence to Title VII's timely filing requirements is the best guarantee of
13 evenhanded administration of the law." *National R.R.* 536 U.S. at 101 (internal citation omitted).
14 In the instant case, there is no indication that plaintiff initiated proceedings with an authorized
15 state agency before or after proceeding with the EEOC. Indeed, in the complaint plaintiff pleads
16 only that she filed a charge directly with the EEOC. (Doc. # 7). Because there is no indication
17 that plaintiff utilized state avenues, she needed to file her complaint with the EEOC within 180
18 days after her March 28, 2009 termination. *See* 42 U.S.C. 2000e-5(e)(1); *Sponcey*, 2012 WL
19 3598848 at *5. The NERC's 300-day statute of limitations does not replace the statutes of
20 limitations under Title VII and the ADA. *See EEOC v. Commercial Office Prods. Co.*, 486 U.S.
21 107, 123 (1988) (holding that state time limits for filing discrimination claims do not determine
22 the applicable federal time limit).

23       Because plaintiff failed to file her complaint with the EEOC within 180 days of her
24 alleged unlawful termination and the 300-day filing period is not applicable in this case,
25 plaintiff's claims are time barred.
26 . . .
27 . . .
28 . . .

**James C. Mahan**
**U.S. District Judge**

- 10 -

B. *Defendant's motions for partial summary judgment (docs. # 53, 116)*

Based on the foregoing determination that summary judgment is appropriate, defendant's two motions for partial summary judgment will be denied as moot.

C. *Plaintiff's motion for reconsideration and motion for leave to amend (doc. # 121)*

Plaintiff seeks reconsideration of this court's order dismissing the individual defendants from this action and leave to amend her complaint. (Doc. # 80). The court dismissed the individual defendants because individual defendants cannot be held personally liable for violations of Title VII or the ADA. Plaintiff claims she plead sufficient facts to state a cause of action against the individual defendants pursuant to 42 U.S.C. §§ 1981 and 1983, but inadvertently failed to include a subsection for these claims in her complaint. Plaintiff seeks leave to add these claims.

Plaintiff fails to satisfy the legal standard to warrant the court's reconsideration of its order granting dismissal. Additionally, plaintiff's motion for leave to amend is incomplete, as plaintiff did not attach the proposed amended complaint to her motion. LR 15-1. Plaintiff made the same mistake in her second motion for leave to amend. (Doc. # 122). The magistrate judge properly denied without prejudice plaintiff's motion and instructed plaintiff to re-file the motion with the proposed amended complaint attached. (Doc. #124). The court will deny plaintiff's motion for reconsideration and motion for leave to amend without prejudice. Plaintiff is instructed, if she still wishes to amend her complaint, to re-file her motion to amend and comply with LR 15-1 by attaching the proposed amended complaint.

D. *Plaintiff's countermotion for sanctions (doc. # 165)*

Plaintiff contends that sanctions are appropriate under Rule 11 and 28 U.S.C. § 1927, because defendant's motion for summary judgment, (docs. ## 152, 153), was filed for a harassing, frivolous, or vexatious purpose and unreasonably and vexatiously "multiplies the proceedings." *See* Fed. R. Civ. P. 11(b); 28 U.S.C. § 1927. Because this court will grant defendant's motion for summary judgment, however, the court finds that defendant's motion is not "frivolous, legally unreasonable, or without factual foundation, or is brought for an improper

**James C. Mahan**
**U.S. District Judge**

purpose." *Estate of Blue*, 120 F.3d at 985. Therefore, plaintiff's countermotion for sanctions will be denied.

  E. *Defendant's unripe motion for partial summary judgment (docs. ## 177, 178)*

  Defendant has filed a motion for partial summary judgment as to plaintiff's second cause of action. (Docs. ## 177, 178).[5] The response date has not yet passed on this motion, and so the motion is not ripe for consideration on its own merits. However, because the court will grant defendant's motion for summary judgment as to all of plaintiff's claims against defendant, this motion will be denied as moot.

**V. Conclusion**

  Accordingly,

  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Southern Nevada Regional Housing Authority's motion for summary judgment, (docs. ## 152, 153), be, and same hereby is, GRANTED.

  IT IS FURTHER ORDERED that defendant's partial motions for summary judgment, (docs. ## 53, 116, 177, 178), be, and same hereby are, DENIED as moot.

  IT IS FURTHER ORDERED that plaintiff Iris Jane Gross's motion for reconsideration and leave to amend, (doc. # 121), be, and same hereby is, DENIED without prejudice.

  IT IS FURTHER ORDERED that plaintiff Iris Jane Gross's motion for sanctions, (doc. # 165), be, and same hereby is, DENIED.

  DATED December 11, 2014.

                UNITED STATES DISTRICT JUDGE

---

[5] Doc. # 177 is the redacted version of defendant's sealed motion for partial summary judgment, doc. # 178.