UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IRIS JANE GROSS, | Case No. 2:11-CV-1602 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| HOUSING AUTHORITY OF THE CITY OF LAS VEGAS, AKA SOUTHERN NEVADA REGIONAL HOUSING AUTHORITY, et al., | |
| Defendant(s). | |

Presently before the court is *pro se* plaintiff Iris Jane Gross' motion for relief from judgment pursuant to Rule 60(b). (ECF No. 191). Defendant Southern Nevada Regional Housing Authority and nine other individual defendants filed a response in opposition (ECF No. 192), and plaintiff filed a reply. (ECF No. 194).

**I.    Background.**

This case arises from a dispute over the conditions and termination of plaintiff's past employment. (ECF No. 7). Plaintiff, a former employee of the Southern Nevada Regional Housing Authority ("Regional"), alleged that defendants discriminated against her because of her race, religion, and disability. (*Id.*). The individual defendants were employed by Regional in various capacities and interacted regularly with plaintiff. (*Id.*); (ECF No. 28). On March 27, 2009 plaintiff was terminated from her six month probationary employment based on negative evaluations. (ECF No. 7 at ¶ 4.31).

On July 10, 2009, plaintiff filed a complaint to the Department of Labor ("DOL"), which the agency dismissed on November 6, 2009. (ECF No. 193 at Ex. B); (ECF No. 191 at 15-16). On January 21, 2010, plaintiff filed a separate complaint to the Equal Employment Opportunity

**James C. Mahan**
**U.S. District Judge**

1  Commission ("EEOC") for racial, religious, and disability discrimination as well as retaliation.
2  (ECF No. 191 at Ex. 2). On January 28, 2010, the EEOC filed the complaint with the Nevada
3  Equal Rights Commission ("NERC"). (*Id.* at Ex. 3); (ECF No. 191 at 16). After receiving a right
4  to sue letter from the EEOC, plaintiff filed a complaint in this court on February 7, 2012. (ECF
5  No. 7).

6  On December 11, 2014, after approximately three years of contentious litigation, the court
7  ordered summary judgment in favor of defendants. (ECF No. 189). The court held that plaintiff's
8  claims were time-barred because her complaint with the EEOC was not filed within 180 days of
9  her termination. (ECF No. 189 at 10). The court also held that an extended 300-day filing period
10  is not applicable because the plaintiff did not initially file her claims with a state agency. (*Id.*).

11  **II.    Legal Standard**

12  Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party from final
13  judgment on the basis of (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly
14  discovered evidence that, with reasonable diligence, could not have been discovered in time to
15  move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing
16  party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is
17  based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no
18  longer equitable; or (6) any other reason that justifies relief. *Backland v. Barnhart,* 778 F.2d 1386,
19  1388 (9th Cir.1985).

20  A Rule 60(b) motion does not affect the finality of a judgment or suspend its operation.
21  Fed. R. Civ. P. 60(c)(2); *Hayward v. Britt,* 572 F.2d 1324, 1325 (9th Cir. 1978) ("[A] motion for
22  relief of judgment under [Rule 60(b)] does not toll the time for appeal or affect the finality of the
23  original judgment.") (per curiam) (citing *Browder v. Dir., Dep't of Corr. of Ill,* 434 U.S. 257, 263
24  (1978)). Furthermore, a Rule 60(b) motion "is not an avenue to re-litigate the same issues and
25  arguments upon which the court has already ruled." *Brown v. Kinross Gold, U.S.A.,* 378 F. Supp.
26  2d 1280, 1288 (D. Nev. 2005); *see Merozoite v. Thorp,* 52 F.3d 252, 255 (9th Cir. 1995).
27  . . .
28  . . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

### III. Discussion

Plaintiff's motion is unorganized, rambling, and largely incoherent. It appears that plaintiff raises four issues: (1) under equitable tolling the complaint was timely, (2) the date that plaintiff filed a complaint with the DOL counts as the date plaintiff filed a complaint with the EEOC, (3) filing an untimely state law claim is sufficient to trigger a 300-day filing period with the EEOC, and (4) NERC waived its right to exclusively process plaintiff's complaint. In addition, plaintiff has not specified the subsection(s) of Rule 60(b) that apply to her motion for relief. Accordingly, the court will apply all six subsections.

Plaintiff does not raise any arguments that indicate "mistake, inadvertence, surprise, or excusable neglect." Plaintiff also does not allege that there is new evidence, fraud, a void judgment, or a judgment that is otherwise unenforceable. Therefore, plaintiff's motion for relief cannot succeed under Rule 60(b)(1)-(5).

Plaintiff is left with Rule 60(b)(6), which requires "the moving party . . . to show both injury and circumstances beyond its control prevented timely action to protect its interest." *Gardner v. Martino*, 563 F.3d 981, 991 (9th Cir. 2009). Rule 60(b)(6) is essentially a catch-all provision that has been used "sparingly as an equitable remedy to prevent manifest injustice." *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007) (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir.1993). Courts use the rule "only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id*.

Here, plaintiff does not argue that "extraordinary circumstances" prevented her from properly opposing defendants' motion for summary judgment. Instead, plaintiff raises new arguments that her complaint with the EEOC was timely.[1] Furthermore, the court is not aware of any "extraordinary circumstances" that plaintiff *could* have raised in her motion. Therefore,

---

[1] Plaintiff essentially argues that the court's decision was erroneous, which properly belongs in a motion to reconsider pursuant to Rule 59(e). However, the 28-day filing period for a Rule 59(e) motion has already expired. *See* Fed. R. Civ. P. 59(e). Moreover, the court has reviewed its order and does not find any misapplication of law.

**James C. Mahan**
**U.S. District Judge**

- 3 -

plaintiff's motion for relief does not succeed under Rule 60(b)(6). The court will not allow plaintiff to relitigate defendant's motion for summary judgment. *See Merozoite,* 52 F.3d at 255.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that *pro se* plaintiff Iris Jane Gross motion for relief from judgment under FRCP 60(b) (ECF No. 191) be, and the same hereby is, DENIED.

DATED June 17, 2016.

_____
UNITED STATES DISTRICT JUDGE